IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KAFIL TUNSILL, *individually*        )
*and Next Friend to* LINOL          )
NICHOLS,                             )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )        No. 25-cv-2408-MSN-tmp
                                     )
JUDGE DEBORAH M. HENDERSON,          )
                                     )
    Defendant.                   )

---

**REPORT AND RECOMMENDATION**

---

Before the court is *pro se* plaintiffs Kafil Tunsill and Linol Nichols's Complaint.[1] (ECF No. 2.) Because Tunsill and Nichols are proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2]

**I.    PROPOSED FINDINGS OF FACT**

On April 11, 2025, Tunsill, purportedly acting on behalf of himself and as next friend to Linol Nichols, filed their complaint

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

[2]Tunsill filed his motion for leave to proceed *in forma pauperis* with the complaint, but Nichols did not. (ECF No. 3.) On April 17, 2025, the court ordered Nichols to file an IFP application, which he did on April 28, 2025. (ECF Nos. 7, 8.) The undersigned granted Tunsill and Nichols's IFP motions on April 29, 2025. (ECF No. 9.)

against defendant Shelby County General Sessions Judge Deborah M. Henderson in her individual capacity for violations of civil rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983. (ECF No. 2.) Plaintiffs' allegations arise from state court proceedings that took place on April 11, 2025, in which they allege Judge Henderson took actions "outside the scope of judicial immunity."[3] (Id. at PageID 3.) Plaintiffs state that Tunsill "was prepared to lawfully represent Mr. Nichols as his Next Friend pursuant to Rule 17.03 of the Tennessee Rules of Civil Procedure," and that Judge Henderson "ordered him to sit down and had him forcibly removed from the [courtroom]." (Id. at PageID 3-4.) As a result, plaintiffs explain that Nichols, who is allegedly unable to represent himself, was left without representation at the hearing. (Id. at PageID 4.) Plaintiffs allege that Tunsil "suffered humiliation, emotional distress, and loss of rights after traveling from Tallahassee, Florida." (Id.) Plaintiffs make no representation that Tunsill is an attorney authorized to practice law in Tennessee.

Plaintiffs allege three claims. First, under § 1983, plaintiffs allege that Judge Henderson violated both of their rights to due process under the Fourteenth Amendment. (Id. at PageID 4-5.) Second, plaintiffs alleges that Judge Henderson willfully deprived both of them of constitutional rights,

---

[3]That case is styled Cadence Bank v. Nichols, No. CT-5238-24. (ECF Nos. 2 at PageID 3; 2-1 at PageID 9.)

including equal protection and access to the courts. (Id. at PageID 5.) Third, under § 1983, plaintiffs allege that Judge Henderson violated Tunsill's First Amendment right to association by interfering with his ability to support Nichols. (Id.) Plaintiffs request non-specific compensatory and punitive damages, and injunctive relief. (Id. at PageID 6.) Both Tunsill and Nichols signed the complaint. (Id. at PageID 7.)

Plaintiffs also attached two documents to the complaint: a document styled "Emergency Notice of Appearance as Next Friend for Linol Nichols" (the "Emergency Notice"), in reference to the state court action, and a judicial misconduct complaint Tunsill filed against Judge Henderson.[4] (ECF No. 2-1.) In the "Emergency Notice," Tunsill purports to appear on behalf of Nichols in the state court action pursuant to Tennessee Rule of Civil Procedure 17.03,[5]

---

[4]It is unclear whether Tunsill actually filed the Emergency Notice in the state court proceedings.

[5]Tennessee Rule of Civil Procedure 17.03 provides for the representation of infants or incompetent persons and allows the court, after the filing of a complaint, to appoint a guardian *ad litem* to defend an action for an infant or incompetent person where they do not have a duly appointed representative. Tenn. R. Civ. P. 17.03. "Rule 17, however, does not authorize a non-attorney next friend to practice law while acting on behalf of the infant or incompetent person." Tenn. Dep't of Hum. Servs. v. Heaton, No. E202100791COAR3CV, 2021 WL 4026729, at *1 (Tenn. Ct. App. Sept. 3, 2021) (per curiam) (citing Vandergriff v. Park Ridge East Hosp., 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015)). "[T]he practice of law includes 'the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court . . . .'"

"Common Law Rights," and Public Law 73-10 and 12 U.S.C. § 411.[6] (Id. at PageID 9.) Tunsill alleges that Nichols submitted a "tender of payment to the United States Department of the Treasury using Federal Reserve Notes, endorsed with a lawful money demand per 12 U.S.C. § 411."[7] (Id.) The misconduct complaint largely mirrors the allegations contained in the complaint here and the Emergency Notice. (See id. at PageID 12-13.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the

---

Vandergriff, 482 S.W.3d at 553 (quoting Tenn. Code Ann. § 23-3-101(3)).

[6]Public Law 73-10 "suspended the gold standard in the United States." Whatley v. Lape, No. CV 24-77-DLB, 2024 WL 2275233, at *3 (E.D. Ky. May 20, 2024). Invocation of Public Law 73-10 is common among individuals identifying with the sovereign citizen movement, and "courts have consistently rejected claims predicated upon it." Id. (citing McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 211-14 (D. Conn. 2010)).

[7]Plaintiffs also allege in the complaint that Nichols "submitted a lawful redemption of his debt under 12 U.S.C. § 411 to the U.S. Department of Treasury." (ECF No. 2 at PageID 4.) Section 411, titled "Issuance to reserve banks; nature of obligation; redemption," is a part of the Federal Reserve Act, and "governs the issuance and redemption of Federal Reserve notes." Brooks v. Freedom Mortg., No. 3:23-CV-01138, 2024 WL 2097415, at *3 (M.D. Tenn. Apr. 19, 2024), report and recommendation adopted, No. 3:23-CV-01138, 2024 WL 2097226 (M.D. Tenn. May 9, 2024). It does not contain a private right of action, id., nor does it authorize Tunsill to appear on behalf of another as a non-attorney.

- 4 -

action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th

- 5 -

Cir. 2011); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003).

**B.    § 242**

Plaintiffs allege willful deprivation of rights under 18 U.S.C. § 242. Section 242 is a criminal statute that does not provide a private right of action. <u>Bey v. Sessler</u>, No. 23-3421, 2024 WL 2078564, at *3 (6th Cir. Feb. 29, 2024) (citing <u>United States v. Oguaju</u>, 76 F. App'x 579, 581 (6th Cir. 2003)). Because the plaintiffs cannot bring a claim under § 242, the undersigned recommends that this claim be dismissed.

**C.    § 1983**

Plaintiffs next allege violations of the First and Fourteenth Amendments and willful deprivation of rights under 42 U.S.C. § 1983. These claims fail for at least two reasons.

First, plaintiffs' claims against Judge Henderson are barred by judicial immunity. It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. <u>Foster v. Walsh</u>, 864 F.2d 416, 417–18 (6th Cir. 1988). Absolute judicial immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which the defendant presides.

- 6 -

Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Without any elaboration, plaintiffs allege that Judge Henderson's actions were outside the scope of judicial immunity. (ECF No. 2 at PageID 3.) But it is plainly apparent from the face of the complaint that Judge Henderson's actions specifically related to a state court proceeding in which she allegedly prevented Tunsill, who does not appear to be an attorney, from representing Nichols. (Id. at PageID 3-4.) "[A] judge acts in the clear absence of all jurisdiction only when the matter upon which [they] act[] is clearly outside the subject matter of the court over which [they] preside[]." Harris v. Tennessee, No. 2:22-cv-2478-MSN-tmp, 2023 WL 5628608, at *3 (W.D. Tenn. Aug. 31, 2023) (quoting Brookings v. Clunk, 389 F.3d 614, 623 (6th Cir. 2004)) (internal quotations omitted) (adopting report and recommendation dismissing claims under judicial immunity), aff'd sub nom. Harris v. Sec'y of State for Tenn., No. 23-5833, 2024 WL 4225713 (6th Cir. May 29, 2024). Aside from their conclusory allegations, plaintiffs have not alleged any facts suggesting that Judge Henderson was not acting as a judge or was acting outside the subject matter jurisdiction of the court in which she presided. Thus, judicial immunity applies, and plaintiffs' claims are barred.

Second, to the extent Tunsill is attempting to bring claims on behalf of Nichols, he may not do so as a *pro se* litigant.

- 7 -

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "[F]ederal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only as to his or her own claims, and only a licensed attorney may represent another person and sign a pleading on that person's behalf." Goodman v. Nationstar Mortg., LLC, No. 3:13-1377, 2014 WL 12774977, at *2 (M.D. Tenn. Mar. 20, 2014) (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–03 (1993); Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2003); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir. 1969); Fed. R. Civ. P. 11(a)). Although it is doubtful that "next friend" status would even apply here, Tunsill cannot represent Nichols and bring claims on his behalf as a *pro se* litigant. See id. at *1-2. Thus, to the extent Tunsill is asserting claims on behalf of Nichols, the undersigned recommends that those claims be dismissed.

Accordingly, the undersigned recommends that the complaint be dismissed on these bases.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).

- 8 -

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 29, 2025
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**