RECEIVED

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN. Memphis

MAY 1 2 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KAFIL TUNSILL,<br>individually<br>And Next Friend to<br>LINOL NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br><br>JUDGE DEBORAH M. HENDERSON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:25-cv-02408-  MSN-tmp<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTION TO REPORT AND RECOMMENDATION AND MOTION TO REJECT
MAGISTRATE'S FINDINGS IN FAVOR OF EQUITY, JUSTICE, AND
CONSTITUTIONAL REDRESS**

COMES NOW the Plaintiff, KAFIL TUNSILL, individually and as Next Friend to Linol Nichols, who respectfully files this Objection to the Magistrate Judge's Report and Recommendation dated April 29, 2025, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and hereby moves this Court to reject the Magistrate's findings in their entirety for the following reasons:

## I. INTRODUCTION

Plaintiff Kafil Tunsill, acting as next friend to an elder incapable of self-representation, seeks redress for clear constitutional violations that occurred in open court, where the

Defendant, Judge Deborah M. Henderson, acted in excess of her judicial authority, resulting in denial of due process, equal protection, and meaningful access to the courts. The Report misapplies judicial immunity, overlooks controlling precedent concerning "next friend" status and civil rights enforcement, and improperly dismisses the factual basis establishing unconstitutional injury.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations.

## III. LEGAL OBJECTIONS TO THE REPORT

### A. Judicial Immunity Is Not Absolute Where the Judge Acts Outside Her Jurisdiction or Violates Constitutional Rights

The Report erroneously applies judicial immunity without analyzing the second exception established in Mireles v. Waco, 502 U.S. 9, 11–12 (1991): "judicial immunity is overcome in only two sets of circumstances: (1) nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) actions, though judicial in nature, taken in the complete absence of all jurisdiction."

Plaintiff asserts that:

1. The Defendant ordered the physical removal of a lawful fiduciary agent appearing in a private capacity—outside the traditional adversarial roles of parties and counsel.

2. The Defendant denied Nichols all access to court by refusing to hear from his declared next friend and ignoring constitutional and procedural safeguards under Tenn. R. Civ. P. 17.03, which mandates accommodation of incapacitated persons through fiduciary assistance.

Such conduct strips the robe of judicial immunity. See also:

- Stump v. Sparkman, 435 U.S. 349, 356 (1978) – "A judge is not immune for actions taken in absence of all jurisdiction."
- Rankin v. Howard, 633 F.2d 844, 847 (9th Cir. 1980) – immunity is unavailable where a judge acted in a "clear absence of all jurisdiction."
- Gregory v. Thompson, 500 F.2d 59 (9th Cir. 1974) – physical ejection of a party not acting as an attorney has been held non-judicial in nature.

**B. Plaintiff's Fiduciary Standing as "Next Friend" Under Equity Was Improperly Denied**

Tunsill appeared in equity, not as an attorney at law, invoking parens patriae principles and exclusive equity jurisdiction for a man incapable of defending himself. This ancient jurisdiction predates statutory law, and was affirmed in:

- Whitmore v. Arkansas, 495 U.S. 149 (1990) – "Next friend" standing permitted where the real party in interest is unable to litigate due to mental incapacity.
- Carter v. Romines, 560 F.2d 395 (8th Cir. 1977) – A "next friend" may initiate proceedings for an incompetent adult.

- In re Gault, 387 U.S. 1, 36 (1967) – The Court must ensure a meaningful hearing for those who cannot speak for themselves.

To deny such appearance because the Next Friend is not a licensed attorney confuses the law of agency with the law of equity, and thus denies the incapacitated Plaintiff his right to be heard.

## C. Claims Under 42 U.S.C. § 1983 Were Wrongfully Dismissed Without Fact Discovery

The Magistrate erred in stating that Plaintiffs failed to plead a claim. Plaintiffs specifically pled:

- First Amendment violation (association and access to court),
- Fourteenth Amendment due process and equal protection violations, and
- Wilful deprivation under color of law.

A motion to dismiss or screening at this stage is premature where Plaintiffs have clearly stated factual allegations that must be taken as true. See Twombly, 550 U.S. at 555 and Iqbal, 556 U.S. at 678.

## IV. EQUITY AND SACRED DUTY OVERRIDE FORM OVER SUBSTANCE

Wherever injustice arises and lawful remedy is denied, equity will intercede, especially to protect elders, the mentally infirm, and the defenseless.

- Chisholm v. Georgia, 2 U.S. 419, 455 (1793) – "The people are sovereign."
- Davis v. Wechsler, 263 U.S. 22, 24 (1923) – "Where the Constitution is involved, form must give way to substance."
- Marbury v. Madison, 5 U.S. 137 (1803) – Courts must provide remedy where a right has been violated.

This Court must not cloak the Defendant with judicial immunity when the cloak was removed by her own actions.

## V. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the District Court:

1. Reject the Magistrate's Recommendation in full;
2. Allow the Complaint to proceed, including discovery and evidentiary hearing;
3. Acknowledge Plaintiff's equitable standing as Next Friend under Rule 17.03;
4. Recognize the constitutional injuries and afford Plaintiffs a trial by jury;
5. Grant any such further relief this honorable Court deems just and proper.

Respectfully submitted,

/s/ Kafil Tunsill
Kafil Tunsill, individually and as
Next Friend to Linol Nichols
2745 Miccosukee Road
Tallahassee, FL 32308
904-576-8981
Email: servinghumanity89@gmail.com

Dated: 5/12/2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2025, a true and correct copy of the foregoing Objection to Report and Recommendation was served upon all parties of record by depositing the same in the United States Mail, first-class postage prepaid, and properly addressed as follows:

Clerk of Court
United States District Court
Western District of Tennessee
167 N. Main Street, Room 242
Memphis, TN 38103

Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202

Judge Deborah M. Henderson (in her individual capacity)
c/o Circuit Court of Shelby County
140 Adams Avenue, Room 324
Memphis, TN 38103

Executed on this 12th day of May, 2025.

Respectfully submitted,

/s/ Kafil Tunsill
Kafil Tunsill
Individually and as Next Friend to Linol Nichols
2745 Miccosukee Road
Tallahassee, FL 32308
Phone: 904-576-8981